IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRIANNA DENICE RAMIREZ,

    Plaintiff,

v.                                                                         No. 21-cv-0127 GJF/SMV

BILLY CREWS, INC. and
JOSUE ROJAS, JR.,

    Defendants.

## MEMORANDUM OPINION AND ORDER TO AMEND NOTICE OF REMOVAL

THIS MATTER is before the Court on review of the Notice of Removal [Doc. 1], filed by Defendant Billy Crews, Inc. on February 16, 2021. The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Notice of Removal, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice fails to allege the necessary facts of citizenship to sustain diversity jurisdiction. Therefore, the Court will order the removing Defendant to file an amended notice of removal no later than **April 5, 2021**, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

### BACKGROUND

On February 16, 2021, the removing Defendant filed its Notice of Removal under 28 U.S.C. § 1332. [Doc. 1] at 1–3. The Notice asserts that there is complete diversity between Plaintiff and Defendants and that the amount in controversy exceeds $75,000. *Id*. In support of its claim of diversity of citizenship, Defendant repeats the assertion from Plaintiff's Complaint that

Plaintiff is a "resident" of the State of Texas. *Id.* at 2. Defendant also asserts that it "is a corporation organized and existing under the laws of the State of New Mexico with its principal place of business" in New Mexico and that Defendant Josue Rojas, Jr. is a "resident" of the State of New Mexico. *Id.* It makes no allegations about the citizenship of the decedent at the time of his death. *See id.*

## LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petrol. Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013).

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. § 1332(a). Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Moreover, the statute also provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." § 1332(c)(2). In actions

brought under the New Mexico Wrongful Death Act ("NMWDA"), a personal representative "constitutes a 'legal representative of the estate' withing the meaning of § 1332(c)(2)." *Brown v. Mahdi*, 482 F. Supp. 2d 1300, 1305 (distinguishing the NMWDA from the Kansas wrongful death statute considered in *Tank v. Chronister*, 160 F.3d 597 (10th Cir. 1998)). Thus, a plaintiff who is a personal representative under the NMWDA is deemed a citizen of the state in which the decedent was a citizen at the time of his death. *Id.*

## ANALYSIS

In this case, the facts set forth in the Complaint and in the Notice of Removal do not sufficiently establish the citizenship of Plaintiff or Defendants. First, both the Complaint and the Notice indicate that Plaintiff is a "resident" of Texas but does not mention the "citizenship" of the decedent at the time of his death. [Doc. 1] at 2; [Doc. 1-2] at 1. Thus, the pleading has not satisfied the requirement under § 1332(c)(2). *See Brown*, 482 F. Supp. 2d at 1305. Second, both the Complaint and the Notice indicate that Defendant Josue Rojas, Jr. is a "resident" of New Mexico. [Doc. 1] at 2; [Doc. 1-2] at 2. However, because allegations of residency alone cannot support diversity jurisdiction, the pleading has not properly alleged the citizenship of Defendant Rojas. *See Siloam Springs Hotel*, 781 F.3d at 1238.

A notice of removal that fails to specify the necessary facts to establish diversity jurisdiction is defective. *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 300 (10th Cir. 1968). Technical defects, however, may be cured by amendment of the notice. *See id.* at 300–02 (permitting amendment of notice of removal to allege principal place of business of defendant and citizenship, rather than mere residence, of plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 470–71 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place

of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). As the Tenth Circuit explained in *Hendrix*, disallowing amendment in circumstances comparable to those in this case would be "too grudging with reference to the controlling statute [28 U.S.C. § 1653], too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." *Hendrix*, 390 F.2d at 301 (footnotes omitted).

Accordingly, the Court will give Defendant Billy Crews, Inc. the opportunity to file an amended notice of removal to properly allege the citizenship each and every party at the time the notice was filed, including the citizenship of the decedent at the time of his death and the citizenship of Defendant Josue Rojas, Jr.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Billy Crews, Inc. shall amend the Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **April 5, 2021**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **April 5, 2021**, the Court may remand this action to state court.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**